# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States v. Alex Jose Tejeda*
Case No. 3:15-cr-00066-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Alex Jose Tejeda's "Motion for Ruling that the Penalties in 21 U.S.C. § 841(b)(1)(C) Apply as a Matter of Law to the Conspiracy Conviction (Count 1)" ("Motion").[1] The Government responded in opposition ("Opposition") and Defendant filed a Reply.[2] The Motion is fully-briefed and ripe for resolution. For the reasons discussed below, the Motion is **DENIED**.

On January 8, 2016, a jury found Defendant guilty of Count 1: Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine, Heroin, and Cocaine, in violation of 21 U.S.C. §§ 864, 841(a)(1), (b)(1)(A), and (b)(1)(C), among four other drug charges.[3] Specifically, as to the Conspiracy charge, the jury found that Defendant "conspired to distribute and possess with intent to distribute the controlled substance below, which was either known to him or reasonably foreseeable to him" and selected "[a] mixture and/or substance with a detectible amount of Methamphetamine . . . [w]eighing at least 50 grams but less than 500 grams."[4]

In the Motion, Defendant argues that the special verdict finding above is "insufficient as a matter of law to subject [Defendant] to the enhanced penalties in 21 U.S.C. § 841(b)(1)(B).[5] Accordingly, [Defendant] is subject to the penalties in 21 U.S.C. § 841(b)(1)(C)," which include no mandatory minimum sentence.[6] Defendant's argument relies on the construction of U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.3(a)(1)(B), which sets forth a three-factor conjunctive test to determine relevant conduct for sentencing purposes.[7] Defendant contends that the jury found only

---

[1] Dkt. 397 (Motion).
[2] Dkts. 400 (Opposition); 402 (Reply).
[3] Dkts. 109 (Minute Entry); 114 (Special Verdict Form). Defendant appealed his convictions and on August 13, 2019, the Ninth Circuit Court of Appeals issued a memorandum decision affirming Defendant's convictions on Counts 1, 4, and 5, but reversing Count 2. Dkt. 371 (Decision). The Court of Appeals vacated Defendant's sentence and remanded the case for resentencing. *Id.* This Court then granted Defendant's Motion to Vacate his Conviction of Count 4, which the Government did not oppose. Dkt. 392 (Text Order). Defendant is scheduled to be resentenced on Counts 1 and 5. Dkt. 404 (Order).
[4] Dkt. 114 at 1.
[5] Dkt. 397 at 2.
[6] Dkt. 397 at 2–3; *see* 21 U.S.C. § 841(b)(1)(C).
[7] Dkt. 397 at 5–7; *see* U.S.S.G. § 1B1.3(a)(1)(B).

1

one of the factors—that it was known or reasonably foreseeable to Defendant that the criminal activity involved at least 50 grams of methamphetamine or a mixture of methamphetamine—but the jury did not find that the "amount of methamphetamine was within the scope of the criminal activity *and* that it was in furtherance of that activity."[8] Therefore, Defendant concludes that the sole finding of reasonable foreseeability is insufficient to apply the 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B).[9]

The Government opposes the Motion, arguing that it improperly asks this Court to add a new element to the conspiracy charge.[10] The Government differentiates the statutory language requiring evidence that the conspiracy "involved" a drug type and quantity from the U.S.S.G. language regarding relevant conduct.[11] The Government argues that there is no *mens rea* requirement for drug conspiracy and that the penalties for the underlying substantive offense, that is, the object of the conspiracy, apply.[12] The Government further argues that the U.S.S.G. test for relevant conduct does not alter or supersede the statutory language of 21 U.S.C. §§ 846 and 841.[13] Finally, the Government asserts that, even if the Court were to accept Defendant's argument, the error was harmless because the Government had presented "overwhelming evidence" of the total weight of methamphetamine Defendant had in his possession at the time of his arrest.[14] Accordingly, the Government requests that the Court deny the Motion and sentence Defendant in accordance with 21 U.S.C. § 841(b)(1)(B)(viii).[15]

Replying to the Opposition, Defendant reiterates his argument: "the jury made only one of the three findings necessary to impose the enhanced penalties in 21 U.S.C. § 841(b)(1)(B) for the conspiracy conviction (Count 1)."[16] Defendant asserts that the Government fails to discuss the Ninth Circuit caselaw he presents in the Motion and argues that the Government's reliance on the Ninth Circuit's model jury instructions fails to establish the requisite elements.[17] Furthermore, Defendant argues that the error in the jury findings was not harmless.[18]

Defendant challenges the jury's special findings as to the amount of methamphetamine as a matter of law because, according to his reading, the Ninth Circuit requires the additional findings under the U.S.S.G.[19] However, a closer reading of the Ninth Circuit cases cited by Defendant shows that their holdings do not ultimately support Defendant's argument.

---

[8] Dkt. 397 at 5–6 (emphasis added).
[9] *Id.* at 6.
[10] Dkt. 400 at 1–2.
[11] *Id.* at 4–5.
[12] *Id.* at 5–9.
[13] *Id.* at 9.
[14] *Id.* at 11–14.
[15] *Id.* at 14.
[16] Dkt. 402 at 1.
[17] *Id.* at 2–5.
[18] *Id.* at 5–7.
[19] Dkts. 397 at 2, 5–6; 400 at 3.

In *United States v. Becerra*, the Ninth Circuit considered two codefendants' argument that the district erred when sentencing them based on insufficient evidence on the amount of drugs involved in a drug conspiracy.[20] The *Becerra* Court reversed one codefendant's sentence because there were "no facts on which the court could have based a finding that [the defendant] knew about or could reasonably foresee the 25-kilogram transaction."[21] Prefacing the standard of review, the *Becerra* Court clarified that "[t]he quantity of drugs is a sentencing issue addressed after proof of a defendant's guilt" and that "each conspirator may be sentenced only for the quantity of drugs that he reasonably foresaw would be distributed or that fell within the scope of his own agreement with his co-conspirators."[22] In a footnote, the *Becerra* Court rejected "the government's argument that sentencing under the statutory mandatory minimums should differ from the Guidelines" and concluded "the government still must show that a particular defendant has some connection with the larger amount on which the sentencing is based or that he could reasonably foresee that such an amount would be involved in the transaction of which he was guilty."[23]

In *United States v. Torres*, the Ninth Circuit affirmed the defendants' convictions and mandatory minimum sentences.[24] The defendants had argued that the jury was not instructed "to find that the drug quantities were associated with conduct that was in furtherance of jointly undertaken criminal activity in addition to being reasonably foreseeable to each defendant," relying on *Becerra* to impose sentencing standards from the U.S.S.G.[25] The majority opinion on this issue examined the caselaw following *Becerra*.[26] Each case acknowledges that sentencing under the statutory minimums should be the same as under the U.S.S.G. yet nonetheless perpetuates a disjunctive formulation despite the 1992 U.S.S.G.'s amended conjunctive formulation.[27] Due to the apparent conflict, both the majority and concurring opinions recommend *en banc* review of the issue.[28] The *Torres* majority then declined to "resolve those questions to reach a result in this case."[29] Instead, the majority reasoned that because the defendants did not object to the jury instruction now at issue, a plain error standard of review applies and under that standard, even if the jury had been correctly instructed, "it seems highly unlikely that a different result would have been reached."[30] Accordingly, the Circuit Court affirmed the defendants' sentences.

Here, Defendant makes the same argument the *Torres* majority explicitly left unresolved. As such, the Court finds the concurring opinion in *Torres* persuasive. "Revisions to the Guidelines do not themselves constitute intervening controlling authority, because the Guidelines do not affect our

---

[20] 992 F.2d 960, 966 (9th Cir. 1993).
[21] *Id.* at 967.
[22] *Id.* at 966.
[23] *Id.* at 967 n.2.
[24] 869 F.3d 1089 (9th Cir. 2017).
[25] *Id.* at 1095–96.
[26] *Id.* at 1104–07.
[27] *Id.*; *see Becerra*, 992 F.2d at 967 n.2; *United States v. Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003).
[28] 869 F.3d at 1089–99, 1106.
[29] *Id.* at 1106.
[30] *Id.* at 1106–07.

interpretation of a statute such as § 841."[31] The Court is bound by Circuit precedent, which expressly endorses the disjunctive formulation: the trier of fact must find that the type and quantity of drugs were either within the scope of the defendant's agreement with his coconspirators *or* that the type and quantity were reasonably foreseeable to the defendant.[32] Without overriding authority, this Court cannot deviate from *Banuelos* and has no basis for applying the conjunctive standard in this case.[33]

Accordingly, Defendant's Motion at Docket 397 is **DENIED without prejudice**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 23, 2020.

---

[31] *Id.* at 1098.
[32] *Id.* at 1198–99 (quoting *Banuelos*, 322 F.3d at 704) (emphasis added).
[33] *Id.* at 1100.