IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                              Plaintiff,

              v.

ALEX JOSE TEJEDA,

                              Defendant.

Case No. 3:15-cr-00066-TMB

ORDER ON DEFENDANT'S
MOTION TO VACATE CONSPIRACY
CONVICTION (COUNT 1) AND THE
ASSOCIATED 50-499 GRAM
METHAMPHETAMINE DETERMINATION
(DKT. 411)

## I.    INTRODUCTION

The matter comes before the Court on Defendant Alex Jose Tejeda's "Motion to Vacate the Conspiracy Conviction (Count 1) and the Associated 50-to-499 Gram Methamphetamine Determination and for a Resentencing on the Distribution Conviction (Count 5) Only" (the "Motion").[1] The Government responded in opposition ("Opposition"), and Tejeda filed a Reply.[2] The Motion is fully briefed and ripe for resolution. For the reasons discussed below, the Motion is **GRANTED**.

## II.    BACKGROUND

On January 8, 2016, a jury found Tejeda guilty of the following charges: (1) Conspiracy to Distribute and Possession with Intent to Distribute methamphetamine, heroin, and cocaine, in violation of 21 U.S.C. §§ 864, 841(a)(1), (b)(1)(A), and (b)(1)(C) (Count 1); (2) Possession with Intent to Distribute methamphetamine, cocaine, and heroin, and fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C) ("Count 2");

---

[1] Dkt. 411 (Motion).

[2] Dkts. 412 (Opposition); 414 (Reply).

1

(3) Possession with Intent to Distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C) ("Count 4"); and (4) Distribution of heroin and methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count 5").[3] Specifically, as to Count 1, the Conspiracy charge, the jury found that Tejeda "conspired to distribute and possess with intent to distribute the controlled substance below, which was either known to him or reasonably foreseeable to him" and selected "[a] mixture and/or substance with a detectible amount of [m]ethamphetamine . . . [w]eighing at least 50 grams but less than 500 grams" and "[a] mixture or substance with a detectible amount of heroin" and "cocaine."[4]

Tejeda appealed his convictions, and on August 13, 2019, the Ninth Circuit Court of Appeals issued a memorandum decision affirming Tejeda's convictions as to Counts 1, 4, and 5, but reversing as to Count 2.[5] The Court of Appeals found that the use of the language on the special verdict form for Count 2 was plain error, and that error affected Tejeda's substantial rights because the form allowed the jury to find Tejeda guilty of possession with intent to distribute if his possession of the substance "was either known to him or reasonably foreseeable to him[.]"[6] The requisite mens rea for possession with intent to distribute is "knowingly," therefore the verdict

---

[3] Dkts. 109 (Minute Entry); 114 (Special Verdict Form); 265 (Judgment). The Court sentenced Tejeda to 180 months on each count to run concurrently. Dkt. 265.

[4] Dkt. 114 at 1.

[5] Dkt. 371 (Decision); *United States v. Tejeda*, 784 F. App'x 493 (9th Cir. 2019).

[6] Dkts. 114 at 2; 371 at 2–3; *Tejeda*, 784 F. App'x at 495.

2

form permitted the jury to convict him on a legally impermissible theory.[7] Accordingly, the Court of Appeals vacated Tejeda's sentence and remanded the case for resentencing.[8]

Following remand, this Court granted Tejeda's unopposed Motion to Vacate his Conviction of Count 4.[9] Subsequently, Tejeda filed a "Motion for Ruling that the Penalties in 21 U.S.C. § 841(b)(1)(C) Apply as a Matter of Law to the Conspiracy Conviction (Count 1)" ("Enhanced Penalties Motion") arguing that the special verdict finding was "insufficient as a matter of law to subject Mr. Tejeda to the enhanced penalties in 21 U.S.C. § 841(b)(1)(B)."[10] The Court denied the Enhanced Penalties Motion.[11] Tejeda is currently scheduled to be resentenced on Counts 1 and 5.[12]

In the present Motion, Tejeda again argues that "the 10-year minimum and other enhanced penalties in 21 U.S.C. § 841(b)(1)(B) do not apply" to his convictions.[13] This time, Tejeda bases

---

[7] Dkt. 371 at 2–4; *Tejeda*, 784 F. App'x at 495.

[8] Dkt. 371 at 3–4; *Tejeda*, 784 F. App'x at 495 (the Court of Appeals also, among other things, vacated the imposition of the three special conditions at sentencing and directed the Court to correct the form of judgment as to Count 5 on remand).

[9] Dkts. 388 (Motion to Vacate Count 4); 390 (Government's Non-opposition to Dkt. 388); 392 (Text Order Granting Motion to Vacate Count 4). The Court reasoned that verdict form for Count 4 contained the same language as that of Count 2, which allowed the jury to find Tejeda guilty of possession with intent to distribute methamphetamine if possession of the substance "was either known to him or reasonably foreseeable to him[.]" *See* Dkts. 114 at 2–3; 412 at 3; *see also* Dkts. 388; 390; 392.

[10] Dkt. 397 at 2–3, 7 (Enhanced Penalties Motion) (Tejeda argued he was properly subject to the penalties in 21 U.S.C. § 841(b)(1)(C), which include no mandatory minimum sentence); *see* 21 U.S.C. § 841(b)(1)(C).

[11] Dkt. 405 (Order Denying Motion re Penalties).

[12] Dkt. 410 (Text Order Resetting Hearing).

[13] Dkt. 411 at 2.

3

his conclusion on the argument that Count 1, his conspiracy conviction, "is invalid due to the error in the mental state that was told to the jury with respect to the two counts of possession with intent to deliver that the Government asserted were an object of the conspiracy."[14] Tejeda argues the conspiracy charge at Count 1 should be vacated because "the jury understood the conspiracy as inextricably linked to the other charges of possession with intent to distribute controlled substances and the charge of distribution of controlled substances."[15] Tejeda points to the Court summarizing the charges to the panel at the beginning of trial as well as the final instructions to the jury explaining that "it could return a guilty verdict for the conspiracy only it if found an intent to commit the conspiracy's unlawful 'object or purpose[.]'"[16]

Tejeda argues that his conspiracy conviction must be vacated on the additional grounds that the jury determined Tejeda "conspired to distribute and possess with intent to distribute" more than 50 grams, but less than 500 grams, of methamphetamine.[17] This determination by the jury was premised directly on the amount of methamphetamine that served as the basis for the two possession with intent to distribute convictions—Counts 2 and 4.[18] Tejeda points out that at trial, the Government argued that the conspiracy involved more than 500 grams of methamphetamine based on methamphetamine found in three locations and methamphetamine underlying the three

---

[14] *Id.*

[15] *Id.* at 16–17.

[16] *Id.*

[17] *Id.* at 23.

[18] *Id.* at 11, 23.

Case 3:15-cr-00066-TMB   Document 418   Filed 01/15/21   Page 4 of 13

substantive charges.[19] The three locations were Laura Johnson's[20] closet (445.22 grams located), Johnson's purse (7.95 grams located), and the car in which Johnson was a passenger (1.3 grams located).[21] The methamphetamine underlying the three substantive charges included 56.18 grams found in the trunk of the car Tejeda was driving and 1.72 grams found along the path that Tejeda took after leaving the car (Count 2), 20.57 grams found in the pocket of Tejeda's jacket when he was arrested (Count 4), and 12.63 grams sold by Johnson to an undercover informant (Count 5).[22] Tejeda argues that no amount of methamphetamine underlying Counts 2 or 4 can be included in the amount for the conspiracy overall, and that with respect to Count 5, the jury found the distribution involved only heroin and not methamphetamine.[23] Accordingly, Tejeda argues only the 1.3 grams found in the car in which Johnson was a passenger and the 7.95 grams found in Johnson's purse can be considered for purposes of Count 1 and no enhanced sentencing penalties apply.[24]

---

[19] *Id.* at 23.

[20] Johnson was Tejeda's co-defendant and co-conspirator who ultimately pleaded guilty. *See* Dkt. 66 (Text Order); *Laura Cecelia Johnson*, Case No. 3:15-cr-00066-TMB-SAO-2 (Closed Aug. 31, 2016).

[21] Dkt. 411 at 10–11, 16, 23–24.

[22] *Id.* at 9–12, 24.

[23] *Id.* at 24.

[24] *Id.* at 24–25. Tejeda also argues that the jury clearly did not include the 445.22 grams of methamphetamine found in Ms. Johnson's closet as part of the conspiracy, otherwise the jury would have found the amount exceeded 500 grams. *Id.* at 11–12, 24.

Tejeda further argues that despite the Court's disjunctive instruction regarding the objects of the conspiracy,[25] his conspiracy conviction cannot be sustained on the basis that there was no error with respect to the distribution conviction (Count 5).[26] This is because when a substantive offense that is one object of a conspiracy is reversed due to legal error, that reversal also invalidates the conspiracy conviction.[27] For these reasons, Tejeda argues he is subject to resentencing only on Count 5, for the distribution of controlled substances (heroin), with the associated penalties of no minimum sentence, and a maximum sentence of 30 years under 21 U.S.C. § 841(b)(1)(C).[28]

The Government opposes the Motion, arguing first that it need not prove Tejeda is guilty of any of the substantive counts to prove he is guilty of a 21 U.S.C. § 846 drug conspiracy.[29] Thus, the jury could have found Tejeda guilty of a drug conspiracy without considering any of the substantive counts in the indictment.[30] Second, the Government argues it need not prove Tejeda had any mens rea as to the type or quantify of drugs because there is no mens rea requirement as to the type or quantity of drugs in a 21 U.S.C. § 846 drug conspiracy case.[31] The Government must

---

[25] The Court instructed that the jury had to find that there was a plan to commit at least one of the objects or purposes of the conspiracy, namely the substantive offenses of distribution or possession with intent to distribute, and that the jurors had to be unanimous as to the particular crime which the conspirators agreed to commit. *See* Dkt. 113 at 18 (Instruction No. 17); *see also* Dkt. 285 at 46–48 (Fourth Day Trial Transcript).

[26] *Id.* at 20–21 (citing *United States v. Choy*, 309 F.3d 602 (9th Cir. 2002)).

[27] *Id.* at 21.

[28] *Id.* at 3; *see also* Dkt. 406 (Revised Final Presentence Investigation Report).

[29] Dkt. 412 at 4 (citing *United States v. Shabani*, 513 U.S. 10, 15 (1994); *United States v. Suarez*, 682 F.3d 1214, 1219 (9th Cir. 2012)).

[30] *Id.*

[31] *Id.*

only prove that the conspiracy "'involv[ed]'" the "'specific type and quantity of substance involved in the offense, but not the defendant's knowledge of (or intent) with respect to that type and quantity.'"[32]

Third, the Government argues that 21 U.S.C. § 841(b)(1)(A)(viii) requires the jury to find that the quantity of drugs involved in the *entire conspiracy* involved 50 grams or more of methamphetamine to meet the threshold requirement.[33] The relevant determination was not based on the quantity Tejeda personally possessed, and, the Government argues, there was no dispute that the entire conspiracy involved 50 grams or more of methamphetamine.[34] Accordingly, the Government requests that the Court deny the Motion and sentence Tejeda in accordance with the penalties set out in 21 U.S.C. § 841(b)(1)(B)(viii).[35]

Replying to the Opposition, Tejeda reiterates his argument "that the error in the mental state that was told to the jury with respect to the possession-with-intent-to distribute object of the conspiracy infects the mental state with respect to the conspiracy itself."[36] A conspiracy conviction following incorrect jury instructions as to the elements of the substantive offense that is the object of a conspiracy cannot stand.[37] Even though the Government need not prove the commission of

---

[32] *Id.* at 5–6 (quoting *United States v. Collazo*, 982 F.3d 596, 616–17 (9th Cir. 2020)).

[33] *Id.* at 6 (emphasis added).

[34] *Id.* The Government points out that Tejeda had five packages of methamphetamine in his car at the time of his arrest, each containing 28 grams of methamphetamine, along with a baggie with 21 grams found on Tejeda's person when he was arrested. *Id.* at 6–7.

[35] *Id.* at 7.

[36] Dkt. 414 at 2; *see also* Dkts. 400 at 3 (Government's Response to Defendant's Motion re Penalties) (noting 21 U.S.C. § 841(b)(1)(B)(viii) applies given Tejeda's prior drug conviction); 412 at 3.

[37] Dkt. 414 at 2–3.

any overt acts in furtherance of the conspiracy, the jury nevertheless has to be correctly instructed as to the mental state of the crime or crimes about which the co-conspirators are conspiring.[38]

## III. DISCUSSION

### A. Legal Standard

21 U.S.C. § 841(a) provides that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or . . . to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

21 U.S.C. § 846 ("§ 846") provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." To convict a defendant of conspiracy under § 846 "the government must prove beyond a reasonable doubt that each defendant agreed with another person that some member of the conspiracy would commit a § 841(a) offense, and that each defendant had the requisite intent necessary for a § 841(a) conviction."[39] Although a conviction for a § 846 conspiracy does not require proof of an overt act or conviction for a substantive count in furtherance of the

---

[38] *Id.* at 3, 5–6. Additionally, Tejeda states that the Government's reliance on *Collazo* is misplaced because *Collazo* does not bear on the issue raised in Tejeda's current motion, namely the validity of the conspiracy conviction itself. *Id.* at 4. *Collazo* instead clarifies the findings that a jury must make with respect to the determination as to the amount of drugs involved in a conspiracy. *Id.*

[39] *Collazo*, 982 F.3d at 617.

8

conspiracy,[40] the Government must nevertheless prove the mental state with respect to its object(s).[41]

If a conviction that is the object of, or one of the objects of, a conspiracy is overturned as the result of legal error, the conspiracy conviction cannot stand.[42] As the Ninth Circuit described

---

[40] *See Shabani*, 513 U.S. at 15; *Suarez*, 682 F.3d at 1219.

[41] *Collazo*, 982 F.3d at 617–20 ("[T]o obtain a conviction and a particular sentence for conspiracy to distribute controlled substances under § 846, the government must prove only that the defendant's mental state was the same as if the defendant had been charged with the underlying offense.") (applying the rationale from *United States v. Feola*, 420 U.S. 671, 686 (1975), interpreting the general federal conspiracy statute, 18 U.S.C. § 371 ("[T]o sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself.")); *see also United States v. Roselli*, 432 F.2d 879, 884, 889 (9th Cir. 1970) (citations omitted), *cert. denied sub. nom. Teitelbaum v. United States* & *Jacobs v. United States*, 401 U.S. 924 (1971) ("[C]onviction of conspiracy to commit the substantive offense require[s] proof of the knowledge essential to conviction of the substantive offense itself, for 'if this minimum intent is not present, no offense is contemplated' by the alleged conspirators."); *United States v. Baker*, 63 F.3d 1478, 1493 (9th Cir. 1995) ("Establishing a defendant's guilt of conspiracy to commit a substantive crime requires proof of the mens rea essential for conviction of the substantive offense itself.") (citing *Roselli*, 432 F.2d at 889).

[42] *See Choy*, 309 F.3d at 605, 608 (defendant was convicted of a conspiracy in violation of 18 U.S.C. § 371); *United States v. DeLuca*, 692 F.2d 1277, 1281 (9th Cir. 1982) ("The judge's instruction here permitted the jury to convict by unanimously finding any one of the three objects. He expressly advised that the jury 'need not find that the conspiracy existed to commit all three criminal activities.' Because under this instruction the jury could have focused on a legally insufficient object of the conspiracy, we reverse the convictions of all defendants under count 1."); *see also United States v. Gaitan-Ayala*, 454 F. App'x 538, 540 (9th Cir. Aug. 9, 2010) (unpublished opinion) ("If a conviction for one or more substantive crimes is overturned because of factual rather than legal insufficiency, but at least one substantive crime that is charged in the conspiracy has a sufficient factual basis, the conspiracy conviction must stand. Because one of the substantive crimes charged in count 1 has a sufficient factual basis—and because the undisclosed evidence did not materially affect the proof of the conspiracy itself—the conviction on count 1 must be sustained.") (citation omitted); *United States v. Palazzolo*, 71 F.3d 1233, 1234–38 (6th Cir. 1995) (reversing a general verdict finding defendants guilty of conspiracy because district court's instructions improperly defined structuring charge, which was one of three possible substantive offenses on which disjunctive instructions permitted jury to base conspiracy conviction, where it was impossible to be certain the jury's general guilty verdict was not based solely on admittedly erroneous instruction related to structuring offense.).

9

in *United States v. Choy*, in which the defendant was convicted on a multi-count conspiracy charge for conspiring, among other things, to commit bribery and money laundering:

> Where substantive offenses underlying a conspiracy conviction are successfully challenged, the reason for reversal affects the viability of the conspiracy conviction. . . . [T]he conspiracy conviction must be overturned if the conviction on the substantive count for either bribery or money laundering was the result of legal error. . . . If, on the other hand, the government merely failed to introduce sufficient evidence to sustain guilt on either of those charges, then the conspiracy conviction can stand on the theory that the jury found a conspiracy to commit the other offenses for which there was sufficient evidence. . . .Therefore, if we determine that [defendant's] convictions for money laundering and bribery must be reversed, we must also decide whether there was merely a failure of proof, or whether either conviction was legally erroneous, in which case the conspiracy conviction also fails.[43]

The Ninth Circuit ultimately concluded that striking the underlying bribery conviction for legal error required striking the conspiracy conviction.[44]

### B.    Analysis

Here, Count 1, the conspiracy charge, must be vacated because an object of the conspiracy—possession with intent to distribute controlled substances—was reversed due to legal error. Accordingly, Tejeda's Motion is **GRANTED**.

As to Count 1, the Court instructed the jury:

> The defendant is charged in Count 1 of the Indictment with conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a mixture or substance containing a detectable amount of heroin, and a mixture or substance containing a detectable amount of cocaine in violation of Title 21 of the United States Code [§§] 846, 841(a)(1), (b)(1)(A) and (b)(1)(C). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

---

[43] *Choy*, 309 F.3d at 605, 608–09 (internal quotation marks omitted) (citing *Griffin v. United States*, 502 U.S. 46, 59, (1991)).

[44] *Choy*, 309 F.3d at 607–08 (citing *Griffin*, 502 U.S. at 55–56, 59).

First, beginning on a date unknown, but by at least on or about November 13, 2014, and continuing until on or about November 14, 2014, there was an agreement between two or more persons to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a mixture or substance containing a detectable amount of heroin, or a mixture or substance containing a detectable amount of cocaine;

Second, the defendant knew the agreement had an unlawful object or purpose; and

Third, the defendant joined in the agreement with the intent to further its unlawful object or purpose.[45]

The Court further instructed that the jury had to find that there was a plan to commit at least one of the objects or purposes of the conspiracy, namely the substantive offenses of distribution or possession with intent to distribute, and that the jurors be unanimous as to the particular crime which the conspirators agreed to commit.[46] The jury found that Tejeda "conspired to distribute and possess with intent to distribute the controlled substance . . . which was either known to him or reasonably foreseeable to him" of at least 50 grams or more of methamphetamine but not more than 500 grams, as well as a mixture or substance containing a detectable amount of heroin and cocaine.[47]

Here the Government needed to prove at least the degree of criminal intent necessary for the underlying offenses—distribution of controlled substances (Count 5) and possession with intent to distribute controlled substances (Counts 2 and 4)— for the conspiracy count (Count 1).[48] The Court of Appeals reversed the conviction on Count 2 after concluding the language on the

---

[45] *See* Dkt. 113 at 18; *see also* Dkt. 285 at 46–48.

[46] Dkts. 113 at 18; 285 at 48 ("You must find that there was a plan to commit at least one of the crimes alleged in the [I]ndictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.").

[47] Dkt. 114 at 1.

[48] *See Collazo*, 982 F.3d at 620; *Feola*, 420 U.S. at 686.

special verdict form for Count 2 was plain error, and that error affected Tejeda's substantial rights because the form allowed the jury to find Tejeda guilty of possession with intent to distribute if his possession of the substance "was either known to him or reasonably foreseeable to him[.]"[49] Instead, because the requisite mens rea for possession with intent to distribute is "knowingly," the verdict form permitted the jury to convict Tejeda on a legally impermissible theory.[50] This Court then vacated Count 4, which contained the same language as Count 2—allowing the jury to find Tejeda guilty for possession with intent to distribute if the substance "was either known or reasonably foreseeable to him."[51]

Despite the Court's instruction that the jury could find a conspiracy if it found a plan to commit at least one of the crimes alleged in the Indictment as an object or purpose of the conspiracy, the special verdict from did not separate out the counts preceding the conclusion that Tejeda was guilty of conspiracy. Accordingly, there is no way for the Court to know whether the jury determined Counts 2, 4, 5 or a combination of the counts served as the object of the conspiracy. Thus, the reversal by the Court of Appeals of one of the possible objects of the conspiracy—Count 2—based on the legal error of the mens rea instruction, and this Court's reversal of Count 4 for the same reason, must result in vacation of the conspiracy conviction.[52]

---

[49] Dkts. 371 at 2–3; 114 at 1–4; *Tejeda*, 784 F. App'x at 495.

[50] Dkt. 371 at 2–4; *Tejeda*, 784 F. App'x at 495.

[51] Dkts. 388; 390; 392.

[52] *See Choy*, 309 F.3d at 605, 608; *DeLuca*, 692 F.2d at 1281; *see also Griffin*, 502 U.S. at 59 (The Supreme Court pointed out that a "more natural" meaning of "legal error'" is "a mistake about the law, as opposed to a mistake concerning the weight or the factual import of the evidence.").

Case 3:15-cr-00066-TMB   Document 418   Filed 01/15/21   Page 12 of 13

Because the Court vacates Count 1, and Count 5 only found Tejeda guilty of distributing heroin,[53] the Court concludes that Tejeda is not subject to the enhanced penalties under 21 U.S.C. § 841(b)(1)(B)(viii) associated with the jury's determination that he conspired to distribute and possess 50-499 grams of methamphetamine.

Accordingly, for the foregoing reasons, Tejeda's Motion at Docket 411 is **GRANTED**. The Court will sentence Tejeda on Count 5 only in accordance with the provisions of 21 U.S.C. § 841(b)(1)(C).[54]


        IT IS SO ORDERED.

                                Dated at Anchorage, Alaska, this 15th day of January 2021.

                                /s/ *Timothy M. Burgess*_____
                                TIMOTHY M. BURGESS
                                UNITED STATES DISTRICT JUDGE

---

[53] Dkt. 114 at 1, 4; *see also* Dkt. 416 at 9, ¶ 6 n.1 ("All parties agree that 'methamphetamine' should be stricken, rather than 'heroin,' based on the special verdict form and [Tejeda's] appeal argument.").

[54] In light of this Court's Order vacating Count 1, the United States Probation and Pretrial Services Office is instructed to prepare and submit a revised presentence investigation report.

Case 3:15-cr-00066-TMB   Document 418   Filed 01/15/21   Page 13 of 13