# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Alex Jose Tejeda*
Case No. 3:15-cr-00066-TMB-MMS-1

By:                    THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:          ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Alex Jose Tejeda's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Motion").[1] Tejeda requests relief from the judgment denying his motion under 28 U.S.C. § 2255.[2] The Government did not file a response.[3] For the following reasons, the Motion at Docket 510[4] is **DENIED**.

## I.   PROCEDURAL BACKGROUND

On January 8, 2016, a jury found Tejeda guilty of the following charges: (1) Conspiracy to Distribute and Possession with Intent to Distribute methamphetamine, heroin, and cocaine, in violation of 21 U.S.C. §§ 864, 841(a)(1), (b)(1)(A), and (b)(1)(C) ("Count 1"); (2) Possession with Intent to Distribute methamphetamine, cocaine, and heroin, and fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C) ("Count 2"); (3) Possession with Intent to Distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C) ("Count 4"); and (4) Distribution of heroin and methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count 5").[5] Tejeda was subsequently sentenced to 180 months' imprisonment and 10 years' supervised release.[6]

### A.   Direct Appeals

Tejeda appealed his convictions, and, on August 13, 2019, the Ninth Circuit Court of Appeals issued a memorandum decision affirming Tejeda's convictions as to Counts 1, 4, and 5, but

---

[1] Dkt. 510 (Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)).

[2] *Id.* at 1.

[3] Dkt. (absence).

[4] Tejeda filed two Motions for Relief from Judgment Pursuant to Rule 60(b)(6). Dkts. 510 and 511. He also filed a Notice of Withdrawal of Prior Motion and Notice of Superseding Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6). Dkt. 509. Based on the dates the filings were mailed, it appears that Tejeda intended for the Motion at Docket 511 to be withdrawn. The Court therefore considers the Motion at Docket 510.

[5] Dkt 114 (Jury Verdicts).

[6] Dkt. 265 (Judgment); Tejeda was not charged in Count 3 of the Indictment. *See* Dkt. 3 (Indictment) at 3–4.

Case 3:15-cr-00066-TMB-MMS   Document 512   Filed 08/10/26   Page 1 of 8

reversing as to Count 2.[7] The Court of Appeals found that the use of the language on the special verdict form for Count 2 was plain error and that such error affected Tejeda's substantial rights because the form allowed the jury to find Tejeda guilty of possession with intent to distribute if his possession of the substance "was either known to him or reasonably foreseeable to him[.]"[8] The requisite mens rea for possession with intent to distribute is "knowingly;" therefore the verdict form permitted the jury to convict him on a legally impermissible theory.[9] Accordingly, the Court of Appeals vacated Tejeda's sentence and remanded the case for resentencing, finding the special verdict form for Count 2 to be in plain error and directing the District Court to correct the verdict form as to Count 5 to not include heroin, which was mistakenly checked by the jury.[10] Following remand, this Court granted Tejeda's unopposed Motion to Vacate his Conviction of Count 4[11] and granted Tejeda's Motion to Vacate Count 1 and for Resentencing on Count 5.[12]

In April 2021, the District Court resentenced Tejeda on Count 5 to 140 months' imprisonment followed by 8 years of supervised release.[13] Tejeda appealed this judgment.[14] The Ninth Circuit denied the appeal[15] and entered its mandate to the District Court in October of 2022.[16]

       B. <u>Section 2255 Petition</u>

On January 15, 2024, Tejeda filed his Section 2255 petition, in which he argued with regard to Count 5, distribution of methamphetamine and heroin, that he "did not receive effective assistance of counsel when his trial counsel failed to move to dismiss Count [5]."[17] Tejeda argued that the special verdict form for Count 5 "suffers from the same constitutional infirmity that resulted in the dismissal of Counts [2] and [4]" because it added a "reasonably foreseeable" element to the possession statutory language of 21 U.S.C. § 841(a)(1) regarding Tejeda's possession of controlled

---

[7] Dkt 259 (Notice of Appeal); Dkt. 371 (Ninth Circuit Memorandum) at 4, 7; *United States v. Tejeda*, 784 F. App'x 493 (9th Cir. 2019) (unpublished).

[8] Dkt. 371; *Tejeda*, 784 F. App'x at 495.

[9] *Id.*

[10] *Id.* at 497.

[11] Dkt. 392 (Text Order Granting Motion); Dkt. 388 (Defendant's Motion to Vacate Conviction of Count 4); Dkt. 390 (Government's Response in Non-Opposition to Defendant's Motion to Vacate Count 4 Conviction).

[12] Dkt. 411 (Motion to Vacate the Conspiracy Conviction (Count 1) ) and the Associated 50-to-499 Gram Methamphetamine Determination and for a Resentencing on the Distribution Conviction (Count 5) Only); Dkt. 418 (Order Granting Motion to Vacate).

[13] Dkt. 434 (Judgment).

[14] Dkt. 436 (Notice of Appeal).

[15] Dkt. 451 (Ninth Circuit Memorandum Disposition); Dkt. 452 (Ninth Circuit Order).

[16] Dkt. 453 (Ninth Circuit Mandate).

[17] Dkt. 487 (Supplement to Motion to Vacate under 28 U.S.C. 2255) at 6. Tejeda filed a pro se Motion to Vacate at Docket 454, which was later supplemented by counsel.

substances.[18] Because the Ninth Circuit held in *United States v. Tejeda*[19] that the addition of "reasonably foreseeable" to the special verdict form for Count 2 was plain error and "prejudiced Tejeda's substantial rights," he argued that this outcome "should have spurred sentencing counsel to advocate for the same result for Count 5 at the same time counsel moved [to] vacate Counts 4 and 1" and that counsel's failure to do so constituted a "miscarriage of justice."[20] Tejeda argued that adding "reasonably foreseeable" to Count 5 was only proper "if, and only if, it was tied to Count 1 under the *Pinkerton* theory" of conspiracy liability but that "vacating Count 1 rendered the special verdict form for Count 5 legally impermissible."[21] Because Tejeda's attorney did not move to dismiss Count 5 at resentencing, and Tejeda raised this issue for the first time on his second appeal, Tejeda argued the Ninth Circuit applied "the highly stringent plain error standard rather than the much more generous de novo review standard."[22]

The Magistrate Judge recommended that the Court deny Tejeda's Motion to Vacate Tejeda's conviction on Count 5.[23] The Magistrate Judge addressed Tejeda's arguments regarding the *Pinkerton* jury instruction, conspiracy liability, and its effect on Count 5, explaining: "[*Pinkerton*] renders all co-conspirators criminally liable for reasonably foreseeable overt acts committed by others in furtherance of the conspiracy they have joined, whether they were aware of them or not."[24] But, "without a conspiracy or co-conspirator, *Pinkerton* is inapposite[.]"[25] As the Magistrate Judge explained, "[a]lternative theories of liability for one count may be presented to a jury . . . including *Pinkerton* [liability] and principal liability."[26] "If the evidence at trial made it clear 'beyond a reasonable doubt that the jury in this case would have convicted . . . based on principal or aider-and-abettor liability,' then the *Pinkerton* instruction would have been harmless."[27] This Court adopted the Magistrate Judge's Final Report and Recommendation, finding that the Magistrate Judge properly rejected Tejeda's argument that his counsel was ineffective by failing to move to dismiss Count 5.[28] Specifically, this Court found:

---

[18] Dkt. 487 at 6–7.

[19] *Tejeda*, 784 F. App'x at 495.

[20] Dkt. 487 at 7–8.

[21] *Id.* at 8.

[22] Dkt. 496 (Defendant's Objections to Report and Recommendations) at 10.

[23] Dkt. 497 at 14–18, 30.

[24] Dkt. 497 (Final Report and Recommendation) at 15 (citing *United States v. Bingham*, 653 F.3d 983, 997 (9th Cir. 2011)).

[25] Dkt. 497 at 14 (citing *United States v. Yates*, 16 F.4th 256, 270 (9th Cir. 2021) ("But *Pinkerton* liability depends on the existence of a cognizable conspiracy; without a valid conspiracy count, the *Pinkerton* theory cannot be a basis for the other convictions.").

[26] Dkt. 497 at 14 (citing *United States v. Castaneda*, 16 F.3d 1504, 1511 (9th Cir. 1994)).

[27] Dkt. 497 at 14 (citing *Yates*, 16 F.4th at 270 (quoting *United States v. Manarite*, 44 F.3d 1407, 1414 n.9 (9th Cir. 1995)).

[28] Dkt. 498 (Order Accepting and Adopting Final R&R) at 11.

3

As the Ninth Circuit held that the *Pinkerton* jury instruction did not "seriously affect the fairness, integrity or public reputation of judicial proceedings," the Court agrees with the Chief Magistrate Judge that "the Ninth Circuit's opinion . . . both substantively . . . and procedurally bar[s] this claim." Given the Ninth Circuit's consideration of the "strong and convincing evidence" at trial showing Tejeda's actions and intent to distribute, the Court concludes that Tejeda has not demonstrated that he was prejudiced by his counsel's failure to move to vacate Count 5, nor that in doing so his counsel "made errors so serious that counsel was not functioning as . . . guaranteed . . . by the Sixth Amendment."[29]

Regarding Tejeda's argument that the Ninth Circuit's application of plain error review was dispositive of its affirmation of his resentencing as to Count 5, this Court reasoned:

The Ninth Circuit "review[ed] only for plain error" and clarified that under that standard, reversal was only warranted if any error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" based on "all circumstances at trial including the strength of the evidence against the defendant." Notably, the Ninth Circuit did not reach whether any "error [was] plain [or] affect[ed] [Tejeda's] substantial rights." Rather, the Ninth Circuit found this "final, discretionary prong" dispositive of Tejeda's appeal, reasoning that after "consider[ing] all the relevant circumstances, . . . and the evidence presented at trial," Tejeda was guilty as a principal actor such that the *Pinkerton* liability instruction was immaterial and "a different decision by the jury would be 'extremely unlikely.'" Further, based on this evidence, the Ninth Circuit expressly stated that "the greater threat to the integrity and fairness of judicial proceedings would arise from the reversal of a conviction on flawed jury instructions rather than from affirming an imperfect verdict."[30]

C. Successive Section 2255 Petition

On October 21, 2025, Tejeda filed for leave to file a second or successive Section 2255 motion.[31] On December 18, 2025, the Ninth Circuit denied his petition, finding that Tejeda did not meet the standard set out in 28 U.S.C. § 2255(h) for successive petitions.[32]

II. LEGAL STANDARD

A. Federal Rule of Civil Procedure 60(b)

In the habeas context, Federal Rule of Civil Procedure 60(b) "applies to the extent that it is not inconsistent with the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")."[33] While

---

[29] *Id.* at 12 (internal citations).

[30] *Id.* at 11–12 (internal citations omitted).

[31] Dkt. 506 (Notice of Application for Leave to File a Second or Successive § 2255 Motion Under 28 U.S.C. § 2255(h)(1)).

[32] Dkt. 508 (Ninth Circuit Order Denying Application).

[33] *Hall v. Haws*, 861 F.3d 977, 984 (9th Cir. 2017) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)).

"AEDPA poses significant hurdles for a Rule 60(b) petitioner, [] 'Rule 60(b) has an unquestionably valid role to play in habeas cases.'"[34] Rule 60(b) permits a party to move for relief from a final judgment or order "made within a reasonable time."[35] Such motions may be based on "newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial;"[36] "mistake, inadvertence, surprise, or excusable neglect;"[37] fraud;[38] a void judgment;[39] a judgment that has been satisfied, was "based on an earlier judgment that has been reversed or vacated[,]" or a judgment which, when applied prospectively, is no longer equitable;[40] or for "any other reason that justifies relief."[41]

Relief under Rule 60(b)(6), for "any other reason that justifies relief[,]" is appropriate only when "extraordinary circumstances justify[] reopening the judgment."[42] "[D]istrict court[s] should consider a Rule 60(b) motion under the subsection that most naturally applies to the motion's substance, regardless of the label used."[43]

    B.   <u>28 U.S.C. § 2255 and § 2244</u>

Title 28 U.S.C. Section 2255 provides the general avenue to collaterally attack a petitioner's detention pursuant to a federal criminal judgment. Many claims are not appropriate for collateral attack. A petitioner may be procedurally barred from having a Section 2255 petition decided on the merits. For instance, if a claim were raised on direct appeal, without an intervening reason (such as newly discovered evidence or a change in the law), a collateral attack is futile.[44] Similarly, if a petitioner is making a claim that he could have raised at trial or on direct appeal, but did not, he must demonstrate good cause to excuse that inaction.[45] "Once the defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted,

---

[34] *Hall*, 861 F.3d at 984 (citing *Gonzalez*, 545 U.S. at 534).
[35] FED. R. CIV. P. 60(b), (c)(1).
[36] FED. R. CIV. P. 60(b)(2).
[37] FED. R. CIV. P. 60(b)(1).
[38] FED. R. CIV. P. 60(b)(3).
[39] FED. R. CIV. P. 60(b)(4).
[40] FED. R. CIV. P. 60(b)(5).
[41] FED. R. CIV. P. 60(b)(6).
[42] *Ratha v. Rubicon Res., LLC*, 168 F.4th 541, 561 (9th Cir. 2026) (internal citation omitted).
[43] *Marroquin*, 112 F.4th at 1216 (citing *McKinney v. Boyle*, 404 F.2d 632, 634 (9th Cir. 1968)) (holding that a district court erred by denying a motion labeled as being brought under Rule 60(b)(3), but which, in substance, was "within ground (6)").
[44] *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985); *see also Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975) ("Issues raised at trial and considered on direct appeal are not subject to collateral attack under 28 U.S.C. § 2255.").
[45] *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) ("If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error.").

especially when . . . he already has had a fair opportunity to present his federal claims [in] a federal forum."[46] Good cause means more than possible success on the merits. A petitioner should demonstrate that the default was outside of his control or caused by "some external impediment[.]"[47]

Prior to filing with the district court a second or successive application pursuant to 28 U.S.C. § 2255(h) as permitted by 28 U.S.C. § 2244, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[48] A second or successive motion made pursuant to Section 2255 must first be "certified as provided in Section 2244 by a panel of the appropriate court of appeals[.]"[49]

In *Gonzalez v. Crosby*, the Supreme Court held that AEDPA "did not expressly circumscribe the operation of Rule 60(b)[,]" though it did tighten the procedural requirements to seek habeas relief.[50] The Supreme Court held that Rule 60 should not be used to challenge the legality of a sentence, such as by claiming a constitutional error, an intervening change in law, or new evidence relating to a previously denied claim, as such a motion would be, "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with'" AEDPA.[51] But challenging "some defect in the integrity of the federal habeas proceedings" was not such a claim, and therefore, a movant need not obtain leave from the court of appeals before making it.[52]

## III. DISCUSSION

In his present motion, Tejeda argues that "this Court failed to adjudicate Petitioner's Due Process claim under the constitutional framework required by *Bouie v. City of Columbia*[,]" which constitutes a defect in the integrity of the habeas proceeding that warrants relief under Rule 60(b)(6).[53] He argues that "[i]nstead, the Court applied a plain-error and evidence-sufficiency framework that is legally incompatible with the nature and substance of the constitutional claim presented."[54] While Tejeda's current argument is fashioned as a claim for relief pursuant to Rule 60(b)(6), the Ninth Circuit's memorandum opinion addressed the core of his current claim.[55] As a result, this Court finds that the Ninth Circuit's opinion both substantively negates Tejeda's

---

[46] *Id.* (internal citations omitted).
[47] *Murray v. Carrier*, 477 U.S. 478, 492 (1986).
[48] 28 U.S.C. § 2244(b)(3)(A).
[49] 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(B).
[50] *Gonzalez*, 545 U.S. at 529.
[51] *Id.* at 531.
[52] *Id.* at 532.
[53] Dkt. 510 at 1 (citing *Bouie v. City of Columbia*, 378 U.S. 347 (1964)).
[54] *Id.*
[55] *See generally* Dkt. 451.

argument and procedurally bars this claim from proceeding via a collateral attack. The Court addresses both the procedural and substantive arguments in turn below.

    A.    <u>Tejeda's Due Process Claim is Not Properly Brought under Rule 60(b).</u>

Per *Gonzalez*, challenging "some defect in the integrity of the federal habeas proceedings" does not constitute a successive habeas claim requiring leave from the court of appeals before making it.[56] Here, Tejeda appears to conflate the Ninth Circuit's reasoning and ruling on his second direct appeal[57] with this Court's reasoning and ruling on his prior Section 2255 habeas claim.[58] The Ninth Circuit (not this Court) applied a "plain-error and evidence-sufficiency framework" when adjudicating Tejeda's direct appeal. This Court addressed Tejeda's previous ineffective assistance of counsel habeas claim regarding his Count 5 conviction[59] under the requisite *Strickland v. Washington* framework.[60] When addressing Tejeda's ineffective assistance of counsel claim, this Court agreed with the Magistrate Judge's finding that Tejeda failed to demonstrate that his counsel's failure to move to dismiss Count 5 which led to the Ninth Circuit reviewing his argument on appeal using the plain error standard[61] resulted in prejudice as contemplated and defined by *Strickland* and its progeny.[62]

Further, this Court emphasized that the crux of his claim (that the jury was allowed to convict him on a legally impermissible theory) was already addressed by the Ninth Circuit on direct appeal.[63] Thus, Tejeda's Motion is not now challenging a defect in the federal *habeas* proceeding but rather appears to be challenging a defect in his *direct appeal*. This is an impermissible use of Rule 60(b)(6), as the Supreme Court held in *Gonzalez v. Crosby*.[64] And, as a result, Tejeda's claim is procedurally barred.

---

[56] *Gonzalez*, 545 U.S. at 532.

[57] Dkt. 451 at 2–3.

[58] *See generally* Dkt. 498.

[59] *See generally id.*

[60] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[61] Dkt. 451 at 2 ("Although the reversal of Tejeda's conspiracy conviction "precludes the imposition of vicarious liability upon" Tejeda for the acts of his alleged coconspirator, United States v. Kaiser, 660 F.2d 724, 732 (9th Cir. 1981), Tejeda did not ask the district court to vacate his distribution conviction, and we therefore review only for plain error.").

[62] *See* Dkt. 498 at 11–12.

[63] Dkt. 498 at 11.

[64] *Gonzalez*, 545 U.S. at 532 ("A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.") (describing how use of Rule 60(b) can impermissibly circumvent the precertification requirement for a successive habeas petition).

### B.     Tejeda's Due Process Claim Also Fails on the Merits.

In the present motion, Tejeda argues that the jury was permitted to convict him on a legally invalid theory in violation of the Due Process Clause when it found him guilty of Count 5.[65]  On direct appeal, the Ninth Circuit conducted a thorough review of the record and found that any flaw in the jury instructions was immaterial because there was overwhelming evidence that Tejeda was guilty of personally distributing heroin.[66]  In short, although the Count 5 jury verdict form contained the same error that proved fatal to the possession with intent to distribute counts, the evidence proving that Tejeda personally distributed controlled substances (not as part of the conspiracy) is overwhelming. Thus, the present argument has been decided by the Ninth Circuit and cannot be challenged in this forum as a Rule 60(b)(6) claim.

## IV.     CONCLUSION

For the above reasons, Tejeda's Motion at Docket 510 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 10, 2026.

---

[65] Dkt. 510 at 5–6.

[66] *See* Dkt. 451 at 2–3 ("Laura Johnson testified that she asked Tejeda to bring her heroin and he agreed to do so.  This testimony is supported by Tejeda's phone records, which show that he agreed to bring over 'blk,' a coded reference to heroin.  Police officers saw Tejeda arrive at Johnson's apartment soon thereafter carrying a black gym bag, and Johnson testified at trial that Tejeda said he left heroin in her bedroom.  Police later recovered heroin from Johnson's apartment and from the scene of Tejeda's arrest.").